FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 1 2 2016

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

---------------------------------------------------- )
                                                     )
ANGELA RENEE BIDDLE                                  )
                                                     )
     Plaintiff,                                      )
                                                     )
          v.                                         )   Civil No. 4:16cv503 SWW
                                                     )
TRANS UNION LLC                                      )   This case assigned to District Judge Wright
                                                     )   and to Magistrate Judge Deere
                                                     )
     Defendant.                                      )
---------------------------------------------------- )

## COMPLAINT FOR PERMANENT INJUNCTION AND DAMAGES

Comes now is the Plaintiff in her Complaint in the above styled case herein, and alleges the following:

1. This is an action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Through this action, the Plaintiff requests permanent injunctive relief, compensatory, and punitive damages for engaging in conduct that is a clear violation of the aforementioned federal laws.

### JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. §§ 1681p.

3. Venue is proper in the United States District Court for the Eastern District of Arkansas under 15 U.S.C. §§ 1681p.

### PARTIES

4. Plaintiff, Angela R. Biddle is an Arkansas resident whom resides at 6 Sabbs Circle Apt A Little Rock, AR 72206.

5. Defendant, Trans Union LLC, a Delaware corporation, transacts business in the state of Arkansas. Registered Agent, The Prentice Hall Corporation System, Arkansas 300 Spring Building 300 South Spring Street Little Rock, AR 72201.

6. Definitions as related to this complaint and codified in 15 U.S.C. § 1681a:

   a. *Consumer report* means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit, insurance, employment purposes or any other authorized purpose.

   b. *Consumer reporting agency*' means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

   c. The term "*file*", when used in connection with information on any consumer, means all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored.

**FINDINGS OF FACT**

7. The Defendant maintains a consumer credit file on the Plaintiff in its database.

8. By legal definition, Trans Union LLC, Inc. is a consumer reporting agency.

9. On the Plaintiff's Trans Union consumer credit file, a public record is being reported with the following details:

*"Arkansas Federal Court-Littl; Docket #1410723; 300 W. 2nd St Little Rock, AR 72203; (501)918-5500; Filed 2/11/14; Ch13 Bankruptcy Dismissed"*

*\*Referred hereafter as Ch 13 Bankruptcy Account*

10. The Plaintiff contends that several pieces of information regarding the reporting of the Ch 13 Bankruptcy Account are erroneous.

11. On or about the month of June 2015, the Plaintiff requested a reinvestigation with the Plaintiff regarding the incomplete/incorrect reporting of the Ch 13 Bankruptcy Account via written communication through USPS mail.

12. On or about July 22, 2015, the Defendant sent the Plaintiff written communication validating the reporting.

13. On or about July 27, 2015, the Plaintiff contacted the Defendant via phone regarding the validation of the Ch 13 Bankruptcy Account.

14. In this call, the Plaintiff inquired about the reinvestigation process and specific information as to how the account was validated. She was advised that "Arkansas Federal Court" was the creditor and had validated the debt. She inquired as to who exactly was "Arkansas Federal Court." She was advised to contact the creditor via the contact information on her consumer credit file.

15. The phone number listed on the Plaintiff's consumer credit file belongs to the United States Bankruptcy Court Eastern and Western Districts of Arkansas.

16. The Plaintiff informed the Customer Service Representative and Supervisor that no such entity named, "Arkansas Federal Court" exists.

17. Despite being informed of this information, the Customer Service Representative and Supervisor refused to address the matter. It was at this time that she requested a Manager return call.

18. On or about July 28, 2015, the Defendant's employee, Diane contacted the Plaintiff. The plaintiff relayed the same information she relayed to the previous representatives and inquired as to who was the true data furnisher of the account information. Once again, she was informed that "Arkansas Federal Court" was the creditor.

19. All bankruptcy proceedings are administered in United States Bankruptcy Courts.

20. On or about July 28, 2015, the Plaintiff contacted the United States Bankruptcy Court Office of the Clerk Eastern and Western Districts of Arkansas via electronic mail.

21. On or about July 29, 2015, the Office of the Clerk contacted the Plaintiff via electronic mail with written correspondence regarding her inquiry.

22. The Plaintiff was advised by the Office of the Clerk, that they are not aware of any court with name of "Arkansas Federal Court." She was also advised that although the court maintains court records for public access, itself does not report or update information directly to the credit reporting agencies.

23. On or about July 29, 2015, the Plaintiff again sent the Plaintiff a follow-up letter regarding the erroneous reporting of the Ch 13 Bankruptcy Account via USPS mail attaching the letter from the Office of Clerk.

24. More than two "2" months later, on or about October 13, 2015, the Defendant responded to the Plaintiff's reinvestigation dispute request with a status of "verified no change."

25. On or about October 16, 2015, the Plaintiff contacted the Defendant via phone on a recorded call regarding the matter. She was again advised that the account reporting had not changed and that "Arkansas Federal Court" is the creditor and data furnisher.

26. The Plaintiff contends that the reporting of the Ch 13 Bankruptcy Account is reporting erroneously.

27. The Defendant as a Consumer Credit Bureau has a duty to report accurate and complete information in the Plaintiff's consumer credit file.

28. The Defendant is willfully reporting inaccurate, incomplete, and erroneous information regarding the Ch 13 Bankruptcy Account on the Plaintiff's consumer credit file.

29. As prescribed by law, the Defendant has thirty "30" days in which to complete reinvestigation requests but may extend this deadline to forty-five "45" days with notice.

30. The Defendant willfully failed to adhere to the thirty "30" day deadline nor did it send notice of an extension of time. Either way, the Defendant failed to timely respond to the Plaintiff's request more than two "2" months after her request was sent.

31. As prescribed by law, upon request a Credit Reporting Agency must provide information regarding the reinvestigation process and how the information was verified, if reasonably available.

32. The Plaintiff has willfully failed to provide information or documentation as to the specific reinvestigation procedure regarding the Ch 13 Bankruptcy Account.

33. The Plaintiff alleges that she has been denied credit solely on the basis of this entry on consumer credit file furnished by the Defendant.

34. Despite documentation to the contrary, the Defendant failed to remove and/or update the Plaintiff's consumer credit file.

35. The Defendant, Trans Union LLC, is in willful noncompliance of the FCRA and thus they are liable to the Plaintiff actual damages, punitive damages, court costs, and legal attorney's fees as listed in 15 U.S.C. § 1681n.

36. The Defendant, Trans Union LLC, is in negligent noncompliance in accordance with the FCRA and thus they are liable to the Plaintiff actual damages, court costs, and legal attorney's fees as listed in 15 U.S.C. § 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays for relief from this court in the form of a permanent injunction instructing the Defendants to delete from any records, databases, etc. affiliated with their respective course of business the Ch 13 Bankruptcy Account.

The Plaintiff also requests relief in the form of compensatory damages for aggravation, harassment, loss of time, fraud, damaged credit, loss of credit reputation, court cost and fees, attorney's fees and any other costs associated with bringing about this motion in the amount of $3,000.

The plaintiff also requests relief in the form of punitive damages related to the Plaintiff's stress and aggravation and for the Defendant's complete disregard for the law in the amount of $2,000 per occurrence.

The Plaintiff prays that her motion be granted for all fees incurred herein; and for all other just and proper relief to which she may be entitled.

**FURTHERMORE,** the Plaintiff requests that this matter be heard by bench trial.


The Plaintiff swears and affirms under oath that the statements and allegations made are true and to the best of her knowledge.

Respectively Submitted,

*Angela R. Biddle*

Angela R. Biddle
6 Sabbs Circle
Apt A
Little Rock, AR 72206
(501) 436-9383