# IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANGELA RENEE BIDDLE
PLAINTIFF

V.

CASE NO. 4:16CV00503 SWW

TRANS UNION LLC
DEFENDANT

## **OPINION and ORDER**

Angela Renee Biddle ("Biddle") brings this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, claiming that Defendant Trans Union LLC ("Trans Union") reported erroneous information on her credit report regarding a Chapter 13 bankruptcy case. Now before the Court is Trans Union's motion for summary judgment [ECF Nos. 23, 24, 25], Biddle's response in opposition [ECF Nos. 30, 31, 34], and Trans Union's reply [ECF No. 42]. Also before the Court is Biddle's motion for appointment of counsel [ECF No. 32] and Trans Union's response in opposition [ECF No. 43]. After careful consideration, and for reasons that follow, Biddle's motion for appointment of counsel is denied, and Trans Union's motion for summary judgment is granted.

## I. Motion to Appoint Counsel

Along with her response in opposition to summary judgment, Biddle filed a motion requesting that the Court appoint counsel "to take over litigation in this matter."[1] An indigent *pro se* litigant has no statutory or constitutional right to have counsel appointed in a civil case, but a court may, in its discretion, appoint counsel if it is convinced that the litigant as well as the court will benefit from the assistance of counsel. *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998); *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986). In making this determination, a court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the indigent litigant's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the indigent litigant's ability to present his claims. *Johnson*, 788 F.2d at 1322-23. "These factors are 'by no means an exclusive checklist,' and the weight to be given any one factor will vary with each case." *Id*. at 1323.

The Court finds that appointment of counsel is unwarranted in this case. Biddle's claims are not legally or factually complex, and it is clear from her filings in this case and others[2] that she is capable of prosecuting her claims without the benefit of counsel.

---

[1] ECF No. 32, at 1.
[2] *See Biddle v. Midland Funding LLC*, No. 4:14CV00060 SWW (E.D. Ark.); *Biddle v. Dollar Tree Stores, Inc.*, No. 4:14CV00451 SWW (E.D. Ark); *Biddle v. Social Security Administration*, No. 4:16CV00187 JTK (E.D. Ark.); *Biddle v. Equifax Information Services LLC*, No. 4:16CV00502 SWW.

## II. Summary Judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)

The non-moving party may not rest on mere allegations or denials of his pleading but must come forward with 'specific facts showing a genuine issue for trial. *Id*. at 587. "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995).

### A. Requests for Admission

As an initial matter, Trans Union asks the Court to deem admitted unanswered requests for admissions. Rule 36(a) of the Federal Rules of Civil Procedure permits a party to serve on any other party "a written request to admit, for the purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (1) facts, the application of law to fact, or opinions about either; and (2) the genuineness of any described documents." Fed. R. Civ. P. 36(a). "A matter is admitted unless, within

30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . . ." Fed. R. Civ. P. 36(a)(3).

By certificate of service filed July 5, 2017,[3] Harry S. Hurst, counsel of record for Trans Union, declared that on July 3, 2017, he mailed Biddle a copy of Trans Union's requests for admissions via the United States mail. Hurst's certificate of service shows that he mailed the requests to the address supplied by Biddle in a notice of address change filed in this case on May 24, 2017.

Trans Union also submits a declaration by Monica F. Ramirez, an attorney from Texas, who serves as additional counsel for Trans Union.[4] On July 14, 2017, Ramirez filed a motion to appear *pro hac vice*, and the Court granted the motion the same day. Ramirez testifies that she and Biddle exchanged email correspondence on July 3, 2017, and copies of the emails show that Ramirez sent Biddle an additional copy of Trans Union's requests for admissions.[5]

Biddle offers two reasons why she failed to respond to Trans Union's requests for admissions. First, she claims that she never received a mailed copy of the discovery requests. The Court finds that Biddle's unsupported denial[6] fails to rebut Hurst's

---

[3] ECF No. 20.
[4] ECF No. 41-1.
[5] ECF No. 41-1, Ex. #1.
[6] ECF No. 36, ¶ 1. "An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out fats that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Additionally, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Each of Biddle's filings in opposition to summary judgment contain the following statement above her signature: "The Plaintiff swears and affirms under oath that the statements and allegations made are turn and to the best of her knowledge." *See, e.g.*, ECF No. 36, at 4. Trans Union correctly notes that Biddle's statements lack attestation before a notary public and were not executed "under penalty of perjury" as mandated under 28 U.S.C § 1746.

certificate of service. Furthermore, even assuming that Biddle did not receive the requests in the mail, the Court finds that she failed to cooperate in the discovery process. The Court's electronic case filing service shows that the Clerk's Office sent Biddle notice of Hurst's certificate of service. After receiving that notice *and* Ramirez's email, which included a copy of the requests for admissions, Biddle was aware of the requests, and she failed to respond.

Second, Biddle contends that Ramirez engaged in the unauthorized practice of law because she sent Biddle discovery requests before the Court granted her motion to appear in this case. According to Biddle, Ramirez's "unauthorized practice of law" should nullify and invalidate any action taken by her in this case prior to July 14, 2017. The Court finds that Biddle's argument is without merit. The Court's Local Rule 83.5(d) permits an attorney, who is a member in good standing of the Bar of any United States District Court, or the highest court of any state, to apply to appear and participate in a particular case. The Local Rule further provides that pleadings tendered to the Clerk for filing by an attorney who is not admitted to the Bar of this Court shall nevertheless be filed and the attorney shall be given thirty days to apply to appear *pro hac vice*. The Local Rule plainly indicates that some form of legal practice is permitted prior to appearing *pro hac vice*, and Ramirez tendered no pleadings or documents in this case before the Court granted her motion to do so.

The Court finds that matters set forth in the requests for admissions are deemed admitted.

**B. Background**

The following facts are undisputed.[7] Information available on Public Access to Court Electronic Records ("PACER"), an electronic public access service that maintains case information from federal courts, shows that on February 11, 2014, Biddle filed a voluntary petition for Chapter 13 bankruptcy relief in the United States Bankruptcy Court for the Eastern District of Arkansas. PACER further shows that on June 30, 2014, the Bankruptcy Court dismissed Biddle's petition for failure to timely pay a filing fee.

Trans Union, a credit reporting agency ("CRA") as defined under the FCRA, includes public information on consumers' credit reports. Among other things, Trans Union obtains public information regarding bankruptcy filings. Under the heading "Public Records," Biddle's Trans Union credit report contained the following entry concerning her Chapter 13 bankruptcy petition:

**ARKANSAS FED COURT-LITTL** Docket #: 1410723 (300 W 2ND STREET, LITTLE ROCK, AR 72203, (501) 918-5500)
Date Filed: 02/11/2014 13 Type: CHAPTER 13 BANKRUPTCY DISMISSED Court Type: US Bankruptcy Court
Date Paid: 06/30/2014 Responsibility: Individual Debt Plaintiff Attorney: PRO SE
Date Updated: 10/24/2014
Estimated month and year that this item will be removed: 01/2021[8]

Over a period of several months, Biddle disputed the content of the bankruptcy entry, and Trans Union responded as follows:

- On October 24, 2014, Biddle contacted Trans Union and complained that the bankruptcy entry was not hers. Trans Union verified Biddle's Chapter 13

---

[7] For reasons explained in this order, the Court deems admitted matters set forth in Trans Union's requests for admissions [ECF No. 24, at 14-18]. In addition, Local Rule 56.1 provides that any party moving for summary judgment "shall annex to the notice of motion a separate, short and concise statement of material facts as to which it contends there is no genuine dispute to be tried." Local Rule 56.1(a). A nonmoving party opposing the motion, "shall file, in addition to any response and brief, a separate short and concise statement of the material facts as to which it contends a genuine dispute exists to be tried." Local Rule 56.1(b). "All material facts set forth in the statement filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1(c).

[8] ECF No. 31, at 20 (Pl.'s Ex. A).

6

bankruptcy petition and dismissal via PACER and compared her name, social security number, and current address with the information available on PACER. On November 19, 2014, Trans Union informed Biddle about the results of its investigation.

- On July 6, 2015, Trans Union received a letter from Biddle, asserting that the bankruptcy entry was inaccurate and listing the purported inaccuracies as follows:

    1. Only United States Bankruptcy Courts handle bankruptcy petitions therefore it is impossible for Arkansas Federal Court to be the data furnisher.

    2. The "Arkansas Federal Court" does not exist.

    3. The address reported does not correspond to the "Arkansas Federal Court."

    4. The phone number listed does not correspond to the "Arkansas Federal Court."

    5. The docket number listed is incorrect.

    6. The date report under date paid is incorrect.

    7. The status listed is incorrect.

    8. And lastly, the US Bankruptcy court informed me that they do not report any type of information to the credit bureaus or anyone else. The Arkansas Federal Court does not exist. So who is the data furnisher of this account?[9]

    Biddle's letter concluded:

    Please remove this from my file or . . . please furnish to me the specific method and contact information [with] which you used to investigate this account.

    In accordance with the [FCRA], I am requesting you investigate my claim and, if after your investigation, you find my claim to be valid

---

[9] ECF No. 24, at 45. Trans Union presents a declaration by Tami Mapero, a representative in Trans Union's complaint department, who testifies that Trans Union obtains public records information, such as bankruptcy filings and dismissals, from courts by a contractor hired by Trans Union. *See* ECF No. 24, Ex B, ¶ 3.

and accurate, I request that you immediately delete those inaccurate entries from the consumer report.[10]

- On July 7, 2015, Trans Union mailed Biddle a copy of its reinvestigation procedures, and on July 22, 2015, Trans Union mailed Biddle the results of a reinvestigation, which found no inaccuracies.

- On August 4, 2015, Trans Union received a letter from Biddle, titled "REINVESTIGATION FOLLOW-UP ITEM: CHAPTER 13 BANKRUPTCY DISMISSED #1410723."[11] Biddle repeated her claim that the bankruptcy entry on her credit report contained inaccurate information, and she charged that Trans Union had willfully refused to provide her a description of its reinvestigation procedure.[12] Biddle further stated that she had contacted the Clerk for the United States Bankruptcy Court of the Eastern District of Arkansas, who advised her that the "Arkansas Federal Court" did not exist and that the Bankruptcy Court did not furnish information to credit reporting agencies. Biddle did not list specific inaccuracies contained on her report, but she stated that the report was inaccurate "[f]or reasons already stated in my Request for Investigation."[13] Biddle's letter further stated:

    > I am requesting the immediate removal of this item from my credit report within 24 hours of your receipt of this communication and no later than August 5, 2015. If you willfully fail to comply with my demand, I will have no choice but to invoke my rights . . . .[14]

- On or about August 7, 2015, Biddle requested a security freeze on her credit report with Trans Union. By letter to Biddle dated August 7, 2015, Trans Union confirmed that it had added a security freeze to Biddle's credit report. The letter explained, "When your . . . credit report is frozen, all third parties whose use is not exempt by law will be unable to access your credit report without your consent. The Security Freeze may delay, interfere with or prohibit the timely approval of any subsequent request or application you make that involves access to your credit report."[15]

---

[10] *Id.*
[11] ECF No. 24, at 53-54.
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] ECF No. 24, at 34.

8

- On August 10, 2015, Trans Union received a letter from Biddle titled, "REINVESTIGATION PROCEDURE REQUEST.[16] In that communication, Biddle stated that a Trans Union supervisor named Diane told her she would send her a copy of the specific process used to investigate her complaint. Biddle reported that she had not received the information she had requested.

- By letter to Biddle dated August 12, 2015, Trans Union reported that it was unable to determine the nature of her request.[17] The letter requested that Biddle specify why she disputed her credit report so that an investigation could proceed. Trans Union also supplied Biddle details about its investigation procedure, including the following statement:

   > For public record information, TransUnion or a third party we hire will check the applicable local, state and federal court records to verify the accuracy and/or completeness of the information reported."

- On September 25, 2015, Trans Union received a letter from Biddle, titled "DEMAND/INTENT TO SUE LETTER ITEM: CHAPTER 13 BANKRUPTCY DISMISSED #1410723.[18] Among other things, Biddle stated that she had requested a copy of Trans Union's investigation process "with regard to this item (i.e. contact persons, addresses, phone numbers, etc.)" and that Trans Union failed to provide her the requested information. Biddle charged that Trans Union had willfully refused to correct or delete the disputed credit item or provide a description of the reinvestigation procedure, and she requested the immediate removal of the bankruptcy entry from her credit report.

- On July 12, 2016, Biddle filed this lawsuit, charging that Trans failed to comply with FCRA requirements.

**C. Discussion**

The FCRA provides consumers a cause of action for negligent noncompliance with the Act's requirements, and it permits the recovery of actual damages, costs, and

---

[16] ECF 24, at 58.
[17] ECF No. 24, at 60.
[18] ECF No. 24, at 63.

attorney's fees. *See* 15 U.S. C. § 1681o. If a violation is willful, consumers are entitled to recover punitive damages. *See* 15 U.S.C. § 1681n.

The FCRA requires that "[w]henever a [CRA] prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C.A. § 1681e(b). Additionally, § 1681i(a)(1)(A) provides that when a consumer notifies a CRA that the consumer is disputing the completeness or accuracy of any item of information contained in a consumer's file, the CRA "shall, free of charge, conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file . . . before the end of the 30–day period beginning on the date on which the agency receives the notice of the dispute from the consumer." 15 U.S.C. § 1681i(a)(1)(A).

Biddle charges that Trans Union negligently and willfully failed to comply with FCRA requirements under § 1681e(b) and 1681(a)(1)(A). She contends that Trans Union continues to report "inaccurate, incomplete, and erroneous information" on her consumer credit file, regarding her Chapter 13 bankruptcy.[19] She also claims that Trans Union failed to adhere to the thirty-day period for completing a reinvestigation and failed to provide her information regarding the specific reinvestigation steps taken in her case. By way of relief, Biddle seeks actual and punitive damages, costs and fees, and an injunction mandating that Trans Union delete the Chapter 13 bankruptcy entry on her credit report.

---

[19] ECF No. 2, ¶ 28.

To prevail on a claim based a failure to comply with § 1681e(b), Biddle must show that (1) Trans Union failed to follow reasonable procedures intended to assure the accuracy of its reports, (2) Trans Union reported inaccurate credit information about her, (3) she suffered harm and (4) Trans Union's failure to follow reasonable procedures was the cause of her harm. *See Paul v. Experian Info. Sols., Inc*., 793 F. Supp. 2d 1098, 1101 (D. Minn. 2011).

Trans Union argues, and the Court agrees, that Biddle is unable to prove her claims. First, the undisputed record shows that Trans Union followed reasonable procedures to assure maximum accuracy by investigating Biddle's complaints and verifying that the bankruptcy entry on her credit report set forth accurate information. Biddle argues that Trans Union failed to provide her detailed verification of the reinvestigation process and only sent her generic form letters, but the undisputed record shows otherwise.

Second, the information set forth in the bankruptcy entry was accurate. Biddle claims that Trans Union reported inaccurate information because "there is no such entity as the Arkansas Federal Court." However, the bankruptcy entry sets forth the correct address for the United States Bankruptcy Court for the Eastern District of Arkansas and specifically states: "Court Type: US Bankruptcy Court." Considering all information set forth in the public records entry, no reasonable factfinder could conclude that the heading "ARKANSAS FED COURT-LITTL" amounts to inaccurate or misleading information.

Biddle further argues that the bankruptcy entry could be mistaken for some type of federal debt or federal judgment against her. She notes that the entry refers to a "date paid" even though the bankruptcy proceeding was dismissed, and no funds were paid out. A report is inaccurate when it is patently incorrect or when it is misleading in such a way and to such an extent that it could be expected to adversely effect credit decisions. *See Dalton v. Capital Associated Indus., Inc*., 257 F.3d 409, 415 (4th Cir. 2001)(quoting *Sepulvado v. CSC Credit Servs*., 158 F.3d 890, 895 (5th Cir.1998)). Contrary to Biddle's assertion, the entry at issue clearly indicates the existence of a "public record" regarding a dismissed Chapter 13 bankruptcy petition, and no reasonable person would conclude that it points to a federal debt or judgment. As for the inclusion of "date paid," the date that appears beside that entry is July 30, 2014, the date that the bankruptcy court dismissed Biddle's case for failure to pay the filing fee. Although the inclusion of "date paid" is out of place, it does not indicate that Biddle has an outstanding federal debt or judgment.

In support of her claim that Trans Union failed to comply with requirements under § 1681i(a)(1)(A), Biddle alleges that Trans Union failed to meet its thirty-day deadline for completing a reinvestigation. According to Biddle, she "filed" the aforementioned "DEMAND/INTENT TO SUE LETTER ITEM: CHAPTER 13 BANKRUPTCY DISMISSED #1410723"[20] on or about August 25, 2015, and Trans Union concluded a related investigation on October 13, 2015, well after the thirty-day deadline. Although

---

[20] ECF No. 24, at 63-64 (Ex. B-7), ECF No. 31, at 31-32 (Ex. E).

Biddle dated her demand letter August 25, 2015, she presents no evidence showing the date on which she mailed the letter. Conversely, Trans Union presents evidence that it received the letter on September 25, 2015. By declaration executed pursuant to 28 U.S.C. § 1746, Tami Mapero, a representative who works in Trans Union's complaint department, testifies that Trans Union received the demand letter on September 25, 2015. Trans Union, through Mapero, presents a copy of Biddle's demand letter with a date received ("DR") stamp reading "09/25/2015"[21] and an envelope addressed to Trans Union from Biddle, stamp-marked "22 SEP 2015."[22] The Court finds no genuine issues for trial regarding Biddle's claim that Trans Union negligently or willfully failed to comply with FCRA requirements.

### III.

IT IS THEREFORE ORDERED that Plaintiff's motion for appointment of counsel [ECF No. 32] is DENIED, and Defendant's motion for summary judgment [ECF No. 23] is GRANTED. Pursuant to the judgment entered together with this order, this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 3RD DAY OF APRIL, 2018.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[21] ECF No. 24, at 63-64.
[22] ECF No. 24, at 65.